UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00229-RJC
(3:18-cr-00064-RJC-DSC-1)

| | |
|---|---|
| ANTAVIUS TOBIAS WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and Petitioner's "Motion to Supplement Pending 2255 with Support [*sic*] Court Intervening Actions that Support the Petitioners [*sic*] Relief Being Sought" [CV Doc. 7].

**I.      FACTUAL BACKGROUND**

On February 20, 2018, Petitioner Antavius Tobias White ("Petitioner") was charged in a Bill of Indictment with one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One). [CR Doc. 3 at 1: Bill of Indictment]. The Indictment specifically charged as follows:

> On or about November 11, 2017, in Union County, within the Western District of North Carolina, and elsewhere, [Petitioner], having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, in and affecting commerce, that is, a

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00229-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:18-cr-00064-RJC-DSC-1.

Jiminez Arms, Inc. model J.A. Nine 9mm semi-automatic pistol.

[Id. at 1]. On April 16, 2018, Petitioner pleaded guilty to this charge without a plea agreement. [CR Doc. 17: Acceptance and Entry of Guilty Plea]. The Magistrate Judge conducted Petitioner's plea colloquy. [See id.]. The Petitioner testified to being, in fact, guilty of the count charged in the Indictment and acknowledged there was no plea agreement in the case. [Id. at ¶¶ 24, 25]. Petitioner further testified that he agreed with the factual basis that had been filed and that he was satisfied with the services of his attorney. [Id. at ¶¶ 27, 31]. The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made. [Id. at p. 4].

Petitioner was sentenced on February 26, 2019. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 25: PSR]. The probation officer recommended a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(2), noting that Petitioner committed the instant offense after sustaining at least one felony conviction for a controlled substance offense, a two-level increase because the firearm was stolen, and a three-level decrease for acceptance of responsibility, yielding a Total Offense Level (TOL) of 19. [Id. at ¶¶ 17, 18, 24-25]. Together with a Criminal History Category of III, a TOL of 19 yielded a guideline imprisonment range of 37 to 46 months. [Id. at ¶¶ 51, 110].

At the sentencing hearing, Petitioner stipulated that there was a factual basis for his guilty plea and acknowledged having read and understood the PSR. [CR Doc. 30 at 2-3: Sentencing Tr.]. Petitioner was sentenced within the guideline range to a term of imprisonment of 44 months. [CR Doc. 28 at 2: Judgment]. Judgment on Petitioner's conviction was entered on February 26, 2019. [Id.]. Despite not having waived his appellate rights, Petitioner did not appeal his conviction or sentence.

On May 13, 2019, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner raised two grounds for relief in this motion: (1) "[i]n light of the First Step Act of 2018, the petitioner no longer has a qualifying predicate for enhancement purposes;" and (2) his counsel "was ineffective during the critical stages" because "[t]he law changed prior to the petitioner's sentencing," but counsel failed to raise the issue during sentencing or on appeal. [CV Doc. 1 at 3-4].

On July 23, 2019, Petitioner moved to supplement his motion to vacate to assert a claim under United States v. Rehaif, 139 S. Ct. 2191 (2019),[2] arguing that "on June 21, 2019, the Supreme Court ruled in favor of the defendant (Rehaif) and held that the petitioner like numerous others have been unlawfully sentenced and convicted because no one [ ] was [ ] following the law and meeting all 4 prongs of the 922(g)." Petitioner also sought "immediate release." [CV Doc. 3 at 1]. The Court allowed Petitioner's motion to supplement and denied Petitioner's request for immediate release. [CV Doc. 4]. The Government timely responded to Petitioner's motion to vacate, including the Rehaif claim. [CV Doc. 5]. Petitioner replied [CV Doc. 6] and then, on November 5, 2019, moved to again supplement his motion, purporting to set forth "intervening actions" by the Supreme Court that support the relief sought by Petitioner.[3] [CV Doc. 7 at 1]. Petitioner moved again for immediate release "seeing that the Court no longer gets a 2nd bite at the apple according to US v Hodge 902 F.3d 420 (4th Cir. 2018)." [Id.]. Finally, Petitioner

---

[2] In Rehaif, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200.

[3] Attached to this motion to supplement is a list of cases from the Third, Fourth, Eighth, and Eleventh Circuits for which writs of certiorari were granted and the judgments vacated in light of Rehaif, including a Fourth Circuit case, United States v. Atkinson, No. 19-5572. [See id. at 3]. The Court will grant Petitioner's motion to supplement to include these materials for the Court's consideration.

3

recently filed what appears to be a second, identical copy of his original motion to vacate.[4]  [CV Doc. 10].

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that the issues raised by Petitioner can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. First Step Act Claims

Petitioner argues that he is eligible for relief under Section 401 of the First Step Act because he served less than a year for his prior conviction for selling cocaine.  [CV Doc. 1 at 3].  This claim is without merit.  Section 401 of the First Step Act reduces certain statutory penalties associated with crack cocaine offenses by amending the federal Controlled Substances Act.  The First Step Act does not amend § 922(g), nor does it amend the definition of a "felony conviction" under U.S.S.G. §2K2.1 cmt. n.1 (defining "felony conviction" to include a prior adult federal or state conviction for an offense punishable by a term of imprisonment exceeding one year, "regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed").  See United States v. Wiseman, 932 F.3d 411, 420-21 (6th Cir. 2019) (holding that the First Step Act did not impact the career offender enhancement because it "did not affect the

---

[4] Because this motion is identical to Petitioner's original motion, it has no legal effect and will not be considered by the Court here.

definition of offenses that qualify for career offender status under U.S.S.G. § 4B1.1").

As such, Petitioner's contention that his prior felony conviction for selling cocaine should no longer be used to enhance his sentence is without merit. Petitioner's prior felony conviction for selling cocaine was punishable by over a year and was properly considered in determining his base offense level under U.S.S.G. §2K2.1(a)(4). [See CR Doc. ¶¶ 17, 47]. The First Step Act does not apply to Petitioner and his claim for relief thereunder will be denied. See Waters v. United States, 2019 WL 3495998, at *4 (D.S.C. 2019) (denying § 2255 relief where petitioner's sentence for being a felon-in-possession of a firearm was not eligible for a reduction under the First Step Act); cf. United States v. Edwards, 767 Fed. App'x 546, 546-47 (4th Cir. 2019) (denying relief under the First Step Act where defendant was convicted under § 922(g)(1)).

Furthermore, Petitioner's claim that his counsel provided ineffective assistance by failing to argue that the First Step Act applied to his sentence and by failing to appeal this issue is equally without merit. Because the First Step Act does not apply to Petitioner's conviction or sentence, he cannot show deficient performance or prejudice. See Smith v. Robbins, 528 U.S. 259, 288 (2000); Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

**B.    Rehaif Claim**

As noted, Petitioner failed to appeal his conviction or sentence despite not having waived his right to appeal. On July 23, 2019, Petitioner moved to supplement his original motion to vacate, which was filed on May 13, 2019. The Supreme Court decided Rehaif on June 21, 2019. In his supplement, Petitioner argued that Rehaif rendered his conviction and sentence under § 922(g) "unlawful" because "no one … was … meeting all 4 prongs." [CV Doc. 3 at 1].

Under the Rules Governing Section 2255 Proceedings for the United States District Courts, an applicant for relief under § 2255 must "specify all the grounds for relief available" and "state

5

the facts supporting each ground." Rule 2(b)(1)-(2).  Here, Petitioner provides no factual support for his claim that he is entitled to relief from his conviction.  To be sure, Petitioner does not claim that he was unaware of his felony status when he possessed the firearm for which he was convicted. Petitioner's bare mention of Rehaif is insufficient under Rule 2 and his claim will be dismissed as conclusory.  See Mayle v. Felix, 545 U.S. 644, 655 (2005) (recognizing that notice pleading is insufficient on collateral review): United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations).

      Further, a § 2255 motion is not a substitute for a direct appeal.  See United States v. Frady, 456 U.S. 152, 165 (1982).  Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice or demonstrates that he is actually innocent of the offense.  See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 Fed. App'x 296, 299 (4th Cir. 2008).  "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel."  United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).  A subsequent change in the law justifies the failure to raise an issue only where the state of the law was such that "the legal basis for the claim was not reasonably available when the matter should have been raised."  Id.  Futility does not establish cause to excuse procedural default.  See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting the "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review").

      To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his *actual* and substantial disadvantage" and were of constitutional dimension.  See Frady, 456 U.S. at 170.  To show actual innocence, a petitioner must demonstrate that he "has been

incarcerated for a crime he did not commit." United States v. Jones, 758 F. 3d 579, 584 (4th Cir. 2014). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." See Mikalajunas, 186 F.3d at 494.

Here, Petitioner has not demonstrated cause and prejudice or actual innocence, and no exception to the procedural default rule is evident from the record. See Bousley, 523 U.S. at 621-22. In fact, Petitioner does not contend that he was unaware of this felony status at the time he possessed the firearm at issue. Furthermore, Petitioner makes no showing that he was substantially disadvantaged by being unaware of the knowledge requirement because he did not allege that he did not know he was a felon, nor does he allege that he would not have pleaded guilty had he known this requirement.

In sum, Petitioner's Rehaif claim is conclusory and procedurally barred, in any event. It will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's motion to vacate as supplemented.

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

(2) Petitioner's motion to supplement [Doc. 7] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

7

Case 3:18-cr-00064-RJC-DSC  Document 42  Filed 01/29/21  Page 7 of 8

incarcerated for a crime he did not commit." United States v. Jones, 758 F. 3d 579, 584 (4th Cir. 2014). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." See Mikalajunas, 186 F.3d at 494.

Here, Petitioner has not demonstrated cause and prejudice or actual innocence, and no exception to the procedural default rule is evident from the record. See Bousley, 523 U.S. at 621-22. In fact, Petitioner does not contend that he was unaware of this felony status at the time he possessed the firearm at issue. Furthermore, Petitioner makes no showing that he was substantially disadvantaged by being unaware of the knowledge requirement because he did not allege that he did not know he was a felon, nor does he allege that he would not have pleaded guilty had he known this requirement.

In sum, Petitioner's Rehaif claim is conclusory and procedurally barred, in any event. It will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's motion to vacate as supplemented.

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

(2) Petitioner's motion to supplement [Doc. 7] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

(4) The Clerk is instructed to close this case.

**IT IS SO ORDERED**.

Signed: January 29, 2021

Robert J. Conrad, Jr.
United States District Judge